**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 01 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ANGEL MONTES MARTINEZ, AKA Angel Martinez, AKA Angel Montes, AKA Marcelo Montes, AKA Marcelo Montes Martinez, AKA Angel Montes-Martinez, AKA Isidro Montes-Martinez, AKA Marcelo Montes-Martinez, AKA Angel Montesmartinez, | No. 14-71406 |
| | Agency No. A029-655-930 |
| Petitioner, | MEMORANDUM* |
| v. | |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015**

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Angel Montes Martinez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review due process challenges de novo. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We grant the petition for review and remand.

Substantial evidence does not support the agency's conclusion that the harm experienced by Montes Martinez and his brother as children was the result of a private dispute with their persecutor, and that their familial relationship to their father did not represent one central reason for the attacks. *See Singh v. Holder*, 764 F.3d 1153, 1160-62 (9th Cir. 2014); *see also Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) ("a motive is a 'central reason' if the persecutor would not have harmed the applicant if such motive did not exist").

In addition, substantial evidence does not support the BIA's finding that Montes Martinez failed to establish harm by an individual the Mexican government is unwilling or unable to control. *See Doe v. Holder*, 736 F.3d 871, 878-89 (9th Cir. 2013) (petitioner's evidence that the police rejected one complaint

14-71406

and quickly dismissed a second complaint against named attackers compelled the conclusion that the government was unwilling or unable to protect him from private attacks).

Thus, we grant the petition for review and remand Montes Martinez's withholding of removal and CAT claims for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam)*; see also Afiyie v. Holder*, 613 F.3d 924, 937 (9th Cir. 2010) (remanding CAT claim in light of errors identified in agency's "unable or unwilling" analysis and evidence of government awareness of danger to petitioner). We decline to address, as moot, Montes Martinez's contention that the BIA's denial of his CAT claim violated due process.

**PETITION FOR REVIEW GRANTED; REMANDED.**